**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| SOUTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>                Plaintiff,<br><br>vs.<br><br>COBALT-EDI, LLC,<br><br>                Defendant. | 2:15-cv-02180-GMN-VCF<br>**REPORT AND RECOMMENDATION** |

   Before the court is Plaintiff's Southwest Regional Council of Carpenters' Request for Entry of Default Judgment (Against Defendant Cobalt-EDI, LLC. (ECF No. 17).  Chief Judge Gloria M. Navarro has referred this motion the undersigned Magistrate Judge for a report and recommendation.

**I. Background**

   On November 17, 2015, Plaintiff filed a Complaint to confirm and enforce an arbitration award against Cobalt-EDI, LLC. (ECF No. 1). On January 12, 2016, Plaintiff filed an executed Summons as to Cobalt-EDC, LLC, which showed that process of service was executed on December 7, 2015.  (ECF No. 12).  On February 12, 2016, Plaintiff filed his motion for entry of clerks default on Cobalt-EDI, LLC for failure to appear or otherwise respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure.  (ECF No. 13).  Clerk's Entry of Default was entered on February 16, 2016. (ECF No. 16).  On June 15, 2016, Plaintiff filed his Motion for Default Judgment.  (ECF No. 17).  To date, no opposition to this motion has been filed.  It is recommended that the motion should be granted for the reasons discussed below.

## II. Default Judgment

*A. Legal Standard*

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b)(2) further provides that a court may enter a default judgment against a defendant who has failed to appear. Fed. R. Civ. P. 55(b)(2). Whether to enter a default judgment is a question within the discretion of the trial court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether to grant a default judgment, the trial court should consider the seven factors articulated by the Ninth Circuit in *Eitel v. McCool*:

(1) the possibility of prejudice to plaintiff,

(2) the merits of the claim(s),

(3) the sufficiency of the complaint,

(4) the amount of money at stake,

(5) the possibility of a dispute concerning materials,

(6) whether default was due to excusable neglect, and

(7) the policy favoring a decision on the merits.

782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying these *Eitel* factors, the factual allegations of the complaint are taken as true, except those relating to the amount of damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

*B. Discussion*

<u>1. Possibility of Prejudice to the Plaintiff</u>

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal.2002). In this case, on

February 16, 2016, the Clerk entered default against Defendant for its failure to file a responsive pleading or answer the Complaint and defend the lawsuit. (ECF No. 16).  As a result, Plaintiff will suffer prejudice if default judgment is not entered as Plaintiff will have no other means to litigate its claims. *See PepsiCo*, 238 F. Supp. 2d at 1177 ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery"). Thus, the first *Eitel* factor weighs in favor of an entry of default judgment.

2. Sufficiency of the Complaint and Merits of the Claims.

The second and third *Eitel* factors favor a default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *PepsiCo*, 238 F. Supp. 2d at 1175; see *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978) (affirming a default judgment when the complaint sufficiently stated a claim for relief under the "liberal pleading standards embodied in Rule 8"); *see also* Fed. R. Civ. P. 8. Plaintiff's Complaint is well pleaded in that it adequately states a suit to confirm and enforce a final and binding arbitration award pursuant to the terms of a collective bargaining agreement.  (ECF No. 1).  Plaintiff has adequately pled his claims against Defendant, the second and third *Eitel* factors weigh in favor of an entry of default judgment.

3. Amount of Money at Stake.

The fourth *Eitel* factor concerns the amount of money at stake in relation to the seriousness of Defendant's conduct. *See PepsiCo.*, Inc., 238 F. Supp. 2d at 1176. Plaintiff seeks $25,300.00, the amount of the award which Defendant has not yet paid.  The underlying grievances arose out of Defendant's failure to pay its employees in accordance with the terms of the parties' collective bargaining agreement. Under the agreement, an employee who does not receive his wages on time is entitled to receive an additional eight hours pay per day until the wages are paid. (ECF No. 1-3 at 11.) Plaintiff alleged that despite withholding wages from seven employees for three to 18 months, Defendant never compensated the employees for their waiting time, totaling over $400,000.00. (ECF No. 1).  The stipulated award required

Defendant to pay $27,600.00 over the course of one year. (ECF No. 1-11 at 7). Defendant failed to pay after one month. (ECF No. 17). Defendant has failed to comply with the binding arbitration award and has yet to appear in this action.

Thus, the fourth *Eitel* factor weighs in favor of an entry of default judgment.

### 4. Possibility of a Dispute Concerning Material Facts.

The fifth *Eitel* factor weighs the possibility of a dispute regarding any material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citing *TeleVideo Sys., Inc.*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam)). Given the sufficiency of Defendant's subsequent failure to answer, no dispute has been raised regarding material elements in the Complaint. It is unlikely that any such dispute will arise. "[N]o genuine dispute of material facts would preclude granting [Plaintiffs'] motion." *PepsiCo, Inc.*, 238 F.Supp.2d at 1177; *see also Geddes*, 559 F.2d at 560. Thus, the fifth *Eitel* factor weighs in favor of an entry of default judgment.

### 5. Excusable Neglect.

The sixth *Eitel* factor considers whether defendant's default is due to excusable neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. In the instant case, Plaintiff properly served Defendant with the Summons and the Complaint, (ECF No. 12), but Defendant failed to respond. The Court finds that there is no evidence before it that Defendant's failure to respond is due to excusable neglect. *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action through licensed counsel). Thus, the sixth *Eitel* factor weighs against an entry of default judgment.

### 6. Policy Favoring Decisions on the Merits.

The seventh *Eitel* factor takes into account the policy under the Federal Rules of Civil Procedure favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b) of the Federal Rules of Civil Procedure, however, indicates that this preference, standing alone, is not dispositive. See *Eitel*, 782 F.2d at 1472; *PepsiCo, Inc.*, 238 F.Supp.2d at 1177; *Nev. Prop. 1 LLC v. Newcosmopolitanlasvegas.com*, No. 2:12-cv-00866-JCM-NJK, 2013 WL 167755, at *2 (D. Nev. Jan. 15, 2013).

Defendant's failure to respond to Plaintiffs' Complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, while the final *Eitel* factor always weighs against an entry of default judgment, the Court is not precluded from entering a default judgment.

*C. Conclusion*

Having reviewed Plaintiff's motion and evidence submitted and having assessed the *Eitel* factors as a whole, the undersigned recommends that the entry of default judgment against Defendant is appropriate. The factual allegations of the complaint will be taken as true.

Accordingly,

IT IS HEREBY RECOMMENDED that Plaintiff's Motion for a Default Judgment against Defendant Cobalt-EDI, LLC (ECF No. 17) be granted and default judgment be entered against Defendant Cobalt-EDI, LLC in the amount of $25,300.00.

DATED this 28th day of July, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE