**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| SOUTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>                    Plaintiff,<br>vs.<br><br>COBALT-EDI, LLC,<br><br>                    Defendant. | 2:15–cv-02180–GMN–VCF<br><br>**REPORT & RECOMMENDATION** |

   Before the court is Southwest Regional Council of Carpenter's ("Southwest") motion for attorneys' fees (ECF No. 22).

**BACKGROUND**

   This matter involves Cobalt-EDI, LLC's failure to comply with the collective bargaining agreement and the arbitration award. (*See Compl.* ECF No. 1). Cobalt-EDI, LLC has not appeared in this matter.  On June 15, 2016, Southwest filed a motion for default judgment. (*See* ECF No. 17). On August 18, 2016, the court granted Southwest's motion for default judgment. (ECF No. 19).

**LEGAL STANDARD**

   Our legal system generally requires each party to bear its own litigation expenses, including attorney's fees. This principle is so firmly entrenched that it is known as the "American Rule." *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Congress has authorized courts to

deviate from this rule only in limited circumstances.  Despite this rule, a court, acting on its inherent equitable power, may assess attorneys' fees against a losing party who has acted in bad faith either before or during the litigation. *McQuiston v. Marsh*, 707 F.2d 1082 (9th Cir. 1983); *Shimman v. Int'l Union of Operating Eng'rs*, Local 18, 744 F.2d 1226, 1230 (6th Cir. 1984); *see also Alyeska Pipeline Serv. Co.*, 421 U.S. at 258-59 (holding that a court may assess attorneys' fees when a losing party has acted in bad faith).

Courts have readily awarded attorneys' fees against a party who, without justification, refuses to abide by an arbitrator's award. *Int'l Union, United Auto., etc. v. American Brake Shoe Co.*, 298 F.2d 212, 216 (4th Cir. 1962); *see also Courier-Citizen Co. v. Boston Electrotypers Union No. 11*, 702 F.2d 273, 282 (1st Cir. 1983); *Int'l Assoc. of Machinists & Aerospace Workers v. Texas Steel Co.*, 639 F.2d 279, 284 (5th Cir. 1981); *Chauffeurs, Teamsters and Helpers, Local Union No. 765 v. Stroehmann Brothers Co.*, 625 F.2d 1092, 1094 (3d Cir. 1980); *Int'l Union of District 50 v. Bowman Transportation, Inc.*, 421 F.2d 934, 935 (5th Cir. 1970).

Federal Rule of Civil Procedure 54(d)(2)(B)(ii) permits an award of attorneys' fees and costs, provided that the movant "specify . . . the statute, rule or other grounds entitling the movant to the award." In turn, Local Rule 54-14(b) requires that motions for attorneys' fee and costs include: (1) reasonable itemization and description of the legal work performed; (2) an itemization of all costs sought to be changed as part of the fee award and not otherwise taxable under LR 54-1 through 54-13; and, (3) a brief summary of the work performed and skill required.

## DISCUSSION

Here, Cobalt-EDI, LLC has acted in bad faith by failure to comply with the collective bargaining agreement and the arbitration award, and by refusing to participate in this case after it has been served

with process.  Southwest is entitled to recover its attorneys' fees given Cobalt's bad faith.  *See McQuiston v. Marsh,* 707 F.2d 1082.

Southwest is in compliance with Local Rule 54-14(b).  Southwest has filed a motion for attorney fees, bill of costs, and supporting declarations that include: (1) reasonable itemization and description of the legal work performed; (2) an itemization of all costs sought to be changed as part of the fee award; and, (3) a brief summary of the work performed and skill required. (ECF No. 22).  The court finds that Southwest's request for attorneys' fees complies with the Federal Rules and Local Rules.  The court has reviewed Southwest's supporting materials and the amounts requested in its motion are reasonable.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Southwest Regional Council of Carpenter's ("Southwest") motion for attorneys' fees (ECF No. 22) be GRANTED.

IT IS FURTHER RECOMMENDED that Southwest Regional Council of Carpenter's ("Southwest") be awarded $9,352.50 in attorney's fees against Cobalt-EDI, LLC.

IT IS SO RECOMMENDED.

DATED this 4th day of October, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE